■ ROSCOE MACON, Respondent, v ARNLIE REALTY Co. et al., Defendants, and HIGDON ELEVATOR COMPANY, INC., Appellant. (And Third-, Fourth- and Fifth-Party Actions.)—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered September 9, 1992, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, with costs.

The mere fact that defendant-appellant elevator maintenance service company ceased to be in possession and exclusive control of the elevator area where the accident occurred

approximately three months prior to the accident does not absolve it of liability as a matter of law. Appellant can still be liable if it had knowledge of the alleged dangerous conditions surrounding the elevator and its appurtenances that it was contractually obligated to correct, and if it failed to ameliorate such conditions or alert the landlord's agent of their existence before its cancellation of the service/maintenance contract. Nor is defendant-appellant necessarily absolved of liability by reason of the landlord having contracted with a second maintenance company which conducted an inspection of the work area shortly before the accident. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.