■ ALEXANDRA SAMANSKI, Respondent, v OTIS ELEVATOR COMPANY, Appellant, et al., Defendants. [628 NYS2d 170] —In an action to recover damages for personal injuries, Otis Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 1, 1994, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and for the imposition of costs against the plaintiff.

Ordered that the order is modified by deleting therefrom the

provision denying the branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as it is asserted against it, and substituting therefor a provision granting that branch of the motion, dismissing the complaint insofar as it is asserted against the appellant, and severing the action against the remaining defendants; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

On April 26, 1993, the plaintiff was injured when the elevator in which she was riding fell three floors. The plaintiff commenced an action against several defendants including Otis Elevator Company (hereinafter Otis), which allegedly installed the elevator involved in the plaintiff's injury. Otis moved for summary judgment to dismiss the complaint on the ground that it had not performed any maintenance on the elevator since 1939, over 53 years before the accident. Otis also sought costs against the plaintiff for the commencement and continuation of a frivolous lawsuit pursuant to CPLR 8303-a. The plaintiff argued that the motion was premature because depositions had not yet been taken. The Supreme Court denied the motion without prejudice to renew upon completion of discovery.

It is well settled that where the movant has demonstrated his initial entitlement to judgment as a matter of law, the opponent must show facts sufficient to require a trial and must make that showing by evidentiary proof in admissible form *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Scanlon v Long Beach Pub. Schools,* 197 AD2d 567). In the case at bar, Otis demonstrated that it was entitled to summary judgment by the submission of proof that it did not have control over, or connection with, the allegedly defective elevator since 1939 *(see, Quiles v New York City Hous. Auth.,* 97 AD2d 505). The affirmation submitted in opposition by the plaintiff's attorney does not constitute proof in admissible form and, in any event, fails to raise any question of fact concerning Otis's liability for the plaintiff's injuries.

Accordingly, Otis is entitled to summary judgment dismissing the complaint insofar as it is asserted against it. However, contrary to Otis's contention, the plaintiff's action was not "frivolous" as that term is defined under CPLR 8303-a. Thus, Otis is not entitled to costs pursuant to CPLR 8303-a. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.