■ ROBERT VOGEL, Respondent, v HERK ELEVATOR CO., INC., Respondent, and OTIS ELEVATOR COMPANY, Appellant. (And a Third-Party Action.) [657 NYS2d 904] —In an action to recover damages for personal injuries based on negligence, the defendant Otis Elevator Company appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 23, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision denying the motion in its entirety and substituting therefor a provision granting partial summary judgment to the defendant Otis Elevator Company dismissing so much of the complaint as asserts a cause of action to recover damages for injuries based upon alleged defective design and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff suffered leg injuries while operating a mechanism called a travolator, a moving sidewalk, which was

manufactured and installed by the defendant Otis Elevator Company (hereinafter Otis) in 1971. The plaintiff's complaint alleged that Otis was negligent in the design, installation, maintenance, and servicing of the machine. Otis moved for summary judgment on the ground that it did not control or have any connection with the travolator, as the repair contract was between the defendant Herk Elevator Co., Inc., and the Port Authority of New York and New Jersey. Otis also argued that summary judgment was warranted insofar as the complaint alleged a design defect. The Supreme Court concluded that discovery was incomplete, and that triable issues of fact were raised by the parties' expert affidavits precluding summary judgment. We agree in part.

It is undisputed that Otis repaired one of the main switches of the travolator approximately four-and-one-half months before the plaintiff's accident. Therefore, this is not a case in which the defendant has had no recent control or connection with the instrument that caused the plaintiff's injury *(see, Samanski v Otis El. Co.,* 216 AD2d 376; *Quiles v New York City Hous. Auth.,* 97 AD2d 505). In addition, the affidavits submitted by the parties' experts raised triable issues of fact on the cause of action for negligent maintenance *(see,* CPLR 3212).

However, partial summary judgment should have been granted to Otis dismissing the design defect cause of action asserted in the complaint, because there are no questions of fact with regard to any defects existing at the time the travolator left Otis and was installed, some 19 years before the plaintiff's accident *(see, Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471). Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.