■ ERLINDA BILAN et al., Respondents, v GEORGE KLEIN et al., Respondents, and WESTINGHOUSE ELECTRIC CORPORATION et al., Appellants. [673 NYS2d 159] —In a negligence action to recover damages for personal injuries, etc., the defendant Westinghouse Electric Corporation and the defendant Schindler Elevator Corporation, as successor in interest to Westinghouse Electric Corporation, appeal from an order of the Supreme Court, Kings County (Held, J.), dated June 18, 1997, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Erlinda Bilan was allegedly injured on August 7, 1990, when the elevator that she was riding on allegedly malfunctioned. The appellant Westinghouse Electric Corporation (predecessor-in-interest to the appellant Schindler Elevator Corp.) had installed the elevator in 1972 in the building where the injured plaintiff worked. The appellants had serviced and maintained the elevator until June 1, 1990, just two months before the accident. The defendant Central Elevator, Inc., held the service contract at the time of the accident. The Supreme Court denied the appellants' motion for summary judgment, and we affirm.

It is undisputed that the appellants had the contract for the repair and maintenance of the subject elevator for the 18-year period commencing in 1972 and running until June 1, 1990, approximately 68 days prior to the accident. Thus, this situation differs from those cases in which a defendant has had no recent control or connection with the elevator that caused the plaintiff's injury (see, e.g., Samanski v Otis El., 216 AD2d 376). In addition, the affidavits submitted by the parties' experts raised triable issues of fact as to whether the appellants negligently maintained the elevator and whether that negligence, if any, was a cause of the plaintiff's injuries. Accordingly, the court did not err in denying the appellants' motion (see, Vogel v Herk El., 238 AD2d 506; Macon v Arnlie Realty Co., 190 AD2d 642). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.