■ PANSY WILLIAMS, Respondent, v O & Y CONCORD 60 BROAD STREET COMPANY et al., Respondents, HI TECHNOLOGY DATA FLOORS, INC., Appellant, and A.J. CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. UTICA MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [757 NYS2d 335] —In an action to recover damages for personal injuries, the defendant Hi Technology Data Floors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated January 29, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she tripped and fell on loose carpeting which had been improperly installed or reinstalled in a building that was undergoing renovation. The plaintiff subsequently commenced this action against, inter alia, the owner of the building, the general contractor of the renovation project, and two subcontractors who were alleged to have cre-

ated the defective condition. After some discovery had been conducted, the appellant subcontractor moved for summary judgment, contending that it could not have created the subject carpeting defect because it did not perform work on the second floor of the building, where the accident took place. In opposition to the motion, the codefendants relied upon a purchase order agreement between the appellant and general contractor, which indicated that work was to be performed on the second floor, and certain deposition testimony given by the appellant's president. This testimony was retracted by the appellant's president in a correction sheet served five months after the deposition, while the motion for summary judgment was pending.

Contrary to the appellant's contention, the Supreme Court properly denied its motion for summary judgment. Here, the appellant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence which supported its claim that it did no work on the second floor, and thus could not have created the defective carpeting condition (*see Baron v Newman,* 300 AD2d 267 [2002]; *Reefe v Economy El. of N.Y.,* 282 AD2d 591 [2001]; *Battaglia v Toys "R" Us,* 271 AD2d 627 [2000]). However, the evidence submitted in opposition to the motion was sufficient to raise an issue of fact as to whether the appellant did in fact perform renovations on the second floor which may have created the alleged defective condition (*see Malanga v City of New York,* 300 AD2d 549 [2002]). We further note that the conflict between the original deposition testimony of the appellant's president and the correction sheet raises an issue of credibility which may not be resolved on a motion for summary judgment (*see Cillo v Resjefal Corp.,* 295 AD2d 257 [2002]; *Binh v Bagland USA,* 286 AD2d 613 [2001]). Krausman, J.P., Townes, Crane and Mastro, JJ., concur.