■ LEONARDO SURDO, Appellant, v ALBANY COLLISION SUPPLY, INC., Respondent, et al., Defendants. [779 NYS2d 544]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated September 4, 2003, as granted the motion of the defendant Albany Collision Supply, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Albany Collision Supply, Inc.

The plaintiff allegedly sustained permanent injuries when fragments of a grinding disk shattered or broke and struck his eye. At his deposition, the plaintiff, an experienced welder, testified that he always wore safety glasses when operating a grinder, but on this occasion, he was performing touch-up work after he had put his safety glasses away.

At issue is whether the defendant Albany Collision Supply, Inc. (hereinafter Albany), met its burden of proof of establishing that there was no reasonable probability that it was the source of the allegedly defective grinding disk (*cf. Healey v Firestone Tire & Rubber Co.,* 87 NY2d 596, 601-602 [1996]; *Brown v Elm Plumbing Supply,* 271 AD2d 469 [2000]). On a motion for summary judgment, a defendant cannot prevail simply by pointing to gaps in the plaintiff's case as Albany tried to do (*see Katz v Pro Form Fitness,* 3 AD3d 474 [2004]; *Kucera v Waldbaums Supermarkets,* 304 AD2d 531, 532 [2003]). In any event, the conflict between Salmieri's original deposition testimony and his correction raised an issue of credibility which could not be resolved on a motion for summary judgment (*see Williams v O & Y Concord 60 Broad St. Co.,* 304 AD2d 570, 571 [2003]; *Cillo v Resjefal Corp.,* 295 AD2d 257 [2002]; *Boyce v Vazquez,* 249 AD2d 724, 725-726 [1998]). In addition, Salmieri's correction was based on inadmissible hearsay.

We disagree with the Supreme Court's finding that the plaintiff's failure to wear safety glasses was an intervening and superseding cause absolving Albany from liability as a matter of

law, as that finding belongs to the fact-finder (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316 [1980]; *Dumbadze v Schwatt,* 291 AD2d 529 [2002]). Florio, J.P., Townes, Crane and Lifson, JJ., concur.