PAUL LAPORTE, Respondent, v DAVID CRISTMAN et al., Defendants, and DAVID HOLLERAN, Doing Business as HOLLERAN HOME IMPROVEMENT, Appellant. [801 NYS2d 213]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered January 3, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant David Holleran, doing business as Holleran Home Improvement, seeking summary judgment dismissing the amended complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell off a porch roof that collapsed. David Holleran, doing business as Holleran Home Improvement (defendant), contracted with defendants David Cristman and Barbara Cristman to add a second story to their mobile home, and defendant was working as a volunteer on the construction project. Supreme Court properly denied the motion of defendant seeking summary judgment dismissing the amended complaint against him. Defendant failed to meet his initial burden of demonstrating his entitlement to judgment as a matter of law (*cf. Williams v O & Y Concord 60 Broad St. Co.*, 304 AD2d 570, 571 [2003]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In any event, plaintiff's submissions raise triable issues of fact whether defendant created the dangerous condition that caused the accident (*see Williams*, 304 AD2d at 571), exacerbated the dangerous condition arising from the allegedly faulty construction of the porch roof by David Cristman (*see Dappio v Port Auth. of N.Y. & N.J.*, 299 AD2d 310, 311 [2002]) or had constructive notice of the danger-

ous condition (see *Murphy v Kendig*, 295 AD2d 946, 947 [2002]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.