■ BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant and Third-Party Plaintiff. R.E. PUSTERINO, P.C., Third-Party Defendant. (Action No. 1.) RUTTURA & SONS CONSTRUCTION COMPANY, Plaintiff, v BRECO ENVIRONMENTAL CONTRACTORS, INC., et al., Defendants. (Action No. 2.) TULLY ENVIRONMENTAL, INC., Plaintiff, v LIBERTY MUTUAL INSURANCE COMPANY, Defendant. (Action No. 3.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant. (Action No. 4.) DURANTE BROS. CONSTRUCTION CORP., Plaintiff, v BRECO ENVIRONMENTAL CONTRACTORS, INC., Defendant. (Action No. 5.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Respondent, v TOWN OF SMITHTOWN, Appellant. (Action No. 6.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant. (Action No. 7.) [818 NYS2d 244]—

In seven related actions, inter alia, to recover damages for breach of contract, the Town of Smithtown, the defendant in action No. 6, appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated August 19, 2005, as denied its motion for summary judgment dismissing the complaint in action No. 6 on the ground that the plaintiff failed to serve a properly verified notice of claim and thereby failed to comply with a condition precedent for the action set forth in Town Law § 65 (3).

Ordered that the order is affirmed insofar as appealed from, with costs.

This is one of seven related actions, four of which were commenced by Breco Environmental Contractors, Inc. (hereinafter Breco), against the defendant Town of Smithtown, to recover damages for breach of contract. This action arises out of a contract to provide construction services in connection with a landfill capping and closure project. The action was predicated on a June 26, 2001 notice of claim which was verified by Breco's President, Richard Gizzi, who testified at his deposition that although he signed the document he had no affirmative recollection of having ever reviewed the document or of personal knowledge of the basis for the claim. Shortly thereafter Gizzi furnished an errata sheet in accordance with CPLR 3116 (a), in which he corrected the substance of his deposition testimony, claiming that after refreshing his recollection about a meeting he attended before preparation of the notice of claim, he now recalled that he had adequate knowledge about the basis of the claim and had in fact reviewed the document before he signed it.

In response, the Town moved for summary judgment on the ground that the plaintiff failed to serve a properly verified notice of claim and thereby failed to comply with a condition precedent for the action set forth in Town Law § 65 (3). The Supreme Court denied the motion, finding that the Town did not demonstrate that it was prejudiced by the defective verification of the notice of claim. We affirm, but for a different reason then that stated by the Supreme Court.

The Town failed to meet its burden of establishing that the verification of the plaintiff's notice of claim was invalid. The conflict between Gizzi's original deposition testimony and the corrections he submitted in the errata sheets raised an issue of credibility which could not be resolved on the motion for summary judgment (*see Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655 [2004]; *Williams v O & Y Concord 60 Broad St. Co.*, 304 AD2d 570 [2003]; *Boyce v Vazquez*, 249 AD2d 724 [1998]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.