■ BARBARA A. HUGHES, Appellant, v Bo CAI et al., Respondents. [818 NYS2d 538]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 3, 2005, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's decedent, Harold Hughes, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Contrary to the defendants' contentions, the initial burden on a motion for summary judgment rests with the movant (*see Hanna v Alverado*, 16 AD3d 624, 624 [2005]; *cf. Elfiky v Harris*, 301 AD2d 624, 624 [2003]). While the defendants met their burden on that branch of their cross motion which was for summary judgment on the issue of serious injury with respect to some of the alleged injuries, they failed to even address, much less satisfy, their burden with respect to the plaintiff's allegations that her decedent suffered traumatic brain injury. Since the defendants failed to meet their initial burden on that branch of their cross motion, the burden never shifted to the plaintiff

and that branch of the cross motion which was for summary judgment on the issue of serious injury should have been denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hanna v Alverado, supra*).

We note that, to the extent that the plaintiff raises issues concerning her motion for summary judgment on the issue of liability and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint based upon the alleged failure of the plaintiff's decedent to appear for an independent medical examination, such issues were not determined on the merits. Accordingly, on remittal, the Supreme Court must determine on the merits the plaintiff's motion for summary judgment on the issue of liability as well as that branch of the defendant's cross motion which was for summary judgment dismissing the complaint based upon the alleged failure of the plaintiff's decedent to appear for an independent medical examination. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.