■ SCOTT HANSEN, Appellant, v WILLIAM GILMORE, Respondent. [821 NYS2d 911]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 17, 2005, which granted the defendant's motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion, inter alia, for summary judgment dismissing the complaint is denied.

On the morning of December 5, 2002 the plaintiff slipped and fell on ice in a pothole on the defendant's property which was covered by less than an inch of snow. After issue was joined, the defendant moved, inter alia, for summary judgment dismissing the complaint.

The plaintiff's theory of liability, as set forth, among other things, in his amended bill of particulars, is that the gravel design of the driveway, its use by 80,000-pound trucks, and poor drainage from the underlying compacted soil, caused ruts in the gravel that pooled water and ice. The defendant failed to meet his prima facie burden entitling him to summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]), as the submissions in support of summary judgment failed to address the plaintiff's negligence theory regarding the design, use, and maintenance of the gravel driveway. As the burden never shifted to the plaintiff, the defendant's motion must be denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hughes v Cai*, 31 AD3d 385 [2006]).

The defendant's remaining contentions are either academic or without merit. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.