■ PAUL J. NATALE, Appellant, v ANTHONY M. WOODCOCK et al., Respondents. [830 NYS2d 785]—

---

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 19, 2005 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

This action arises from a motor vehicle accident in which plaintiff pulled out from a stop sign into the path of a vehicle driven by defendant Anthony M. Woodcock (hereinafter defendant). Plaintiff testified at his deposition that he stopped at the intersection, looked both ways, and did not see any other vehicles before proceeding. He contended that causes of the accident included defendant driving without his headlights on. The accident occurred at about 6:00 P.M. on November 8, 2000, which was well after sunset, and the police accident report described the light conditions as "[d]ark-[r]oad [l]ighted." Following disclosure, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion. Plaintiff appeals.

The movant has the threshold burden of proving entitlement to judgment as a matter of law and all facts are considered in the light most favorable to the nonmovant (*see e.g. Walton v Albany Community Dev. Agency*, 279 AD2d 93, 94-95 [2001]). At his deposition, defendant was asked two separate times whether his headlights were on and both times responded, "I don't believe so." Thereafter, he supplied an errata sheet in compliance with CPLR 3116 (a), correcting one of the responses to: "Yes, my headlights were on." The reason provided for the correction was that "[a]fter reading the statement, it came back to me." Even overlooking the fact that defendant corrected only one of his statements from his deposition regarding his headlights, summary judgment should not have been granted. Where, as here, there is a significant conflict on a material issue between the original deposition testimony and the correction on the errata sheet a credibility issue is created that cannot be resolved by summary judgment (*see Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 359, 360 [2006]; *Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655, 655 [2004]; *Boyce v Vazquez*, 249 AD2d 724, 726 [1998]). The explanation offered for the change was insufficient to extinguish the factual issue. Since defendants failed to satisfy their initial burden that they were entitled to judgment as a matter of law, the motion should have been denied.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.