■ JOETHA A. MONKHOUSE, Respondent, v MAVEN LIMO, INC., et al., Appellants, et al., Defendants. [848 NYS2d 175]—

In an action to recover damages for personal injuries, the defendants Maven Limo, Inc., and Cedano M. Ortiz appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated December 11, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Maven Limo, Inc., and Cedano M. Ortiz (hereinafter collectively Maven Limo) failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Maven Limo failed to even address, much less satisfy their burden with respect to, the plaintiff's allegation that she suffered permanent facial scarring and disfigurement as a result of the subject accident (*see O'Neal v Bronopolsky*, 41 AD3d 452 [2007]; *Hughes*

*v Cai*, 31 AD3d 385 [2006]; *Loadholt v New York City Tr. Auth.*, 12 AD3d 352 [2004]). Moreover, Maven Limo's motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on January 16, 2003. The plaintiff's bill of particulars alleged that as a result of the subject accident, she was confined to her home and bed for three months post-accident. Maven Limo's examining neurologist conducted his examination of the plaintiff more than 3¹/₂ years post-accident, and noted in his report that the plaintiff lost eight months of work as a result of the subject accident. He never related his medical findings to this category of serious injury for the period of time immediately following the subject accident (*see DeVille v Barry*, 41 AD3d 763 [2007]; *Kouros v Mendez*, 41 AD3d 786 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *see also Sayers v Hot*, 23 AD3d 453, 454 [2005]).

Since Maven Limo failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see DeVille v Barry*, 41 AD3d 763 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.