■ Virginia Coleman, Respondent, et al., Plaintiff, v Shangri-La Taxi, Inc., et al., Appellants. [852 NYS2d 794]

The defendants failed to meet their prima facie burden of showing that the plaintiff Virginia Coleman (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 351 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants failed to even address the plaintiff's allegation that she suffered a left shoulder injury as a result of the subject accident (*see Monkhouse v Maven Limo, Inc.,* 44 AD3d 630, 630-631 [2007]; *O'Neal v Bronopolsky,* 41 AD3d 452 [2007]; *Hughes v Cai,* 31 AD3d 385 [2006]; *Loadholt v New York City Tr. Auth.,* 12 AD3d

352 [2004]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to consider whether the opposing papers were sufficient to raise a triable issue of fact (*see Monkhouse v Maven Limo, Inc.*, 44 AD3d at 631; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.