■ Rose Matra, Respondent, v Ahmed Raza et al., Appellants. [863 NYS2d 445]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated October 23, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their initial prima facie burden of demonstrating, through admissible evidence, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The magnetic resonance imaging reports authored by Dr. Harold Tice concerning the plaintiff were not competent evidence since they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). The affirmed medical report of Dr. Gideon Hedrych was without any probative value since he relied on the unsworn reports of others in reaching his conclusions (*see Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Verette v Zia*,

44 AD3d at 748; *Furrs v Griffith,* 43 AD3d 389, 390 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). Similarly, although Dr. Donald Rose was able to objectively observe the plaintiff's menisci during arthroscopic surgeries he performed on the plaintiff's knees in May and June 2006, the portion of the opinion in his report regarding proximate causation is based upon unsworn evidence and is therefore without probative value (*see Navedo v Jaime,* 32 AD3d 788, 789 [2006]), particularly as Dr. Rose had earlier found full range of motion in both knees during his initial evaluation of the plaintiff in April of 2006.

The plaintiff's remaining contentions have been rendered academic by our determination. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.