*440 In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Elliot, J.), entered February 19, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted by the plaintiff Kawtar Nasir and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The Supreme Court correctly denied that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted by the plaintiff Soloua Merzguioui-Gray (hereinafter Gray). The defendants failed to meet their prima facie burden of showing that Gray did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of that branch their motion, the defendants relied on the affirmed medical report of Dr. Wendy Cohen, their examining neurologist, who examined Gray on November 15, 2006. In that report, despite the fact that Dr. Cohen admitted to reviewing the plaintiffs’ bill of particulars, she never examined Gray’s left shoulder, which Gray alleged therein was injured in the subject accident (see Coleman v Shangri-La Taxi, Inc., 49 AD3d 587 [2008]; Monkhouse v Maven Limo, Inc., 44 AD3d 630, 630-631 [2007]; O’Neal v Bronopolsky, 41 AD3d 452 [2007]; Hughes v Cai, 31 AD3d 385 [2006]; Loadholt v New York City Tr. Auth., 12 AD3d 352 [2004]). Therefore, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance as to Gray, it is unnecessary to consider whether her opposing papers were sufficient to raise a triable issue of fact (see Coleman v Shangri-La Taxi, Inc., 49 AD3d 587 [2008]; Monkhouse v Maven Limo, Inc., 44 AD3d 630 [2007]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).
The Supreme Court erred, however, in denying that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted by the plaintiff Kawtar Nasir. Contrary to the Supreme Court’s holding, the defendants met their prima facie burden of showing that Nasir did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In op *441 position, Nasir failed to raise a triable issue of fact. Nasir relied on the affirmation of Dr. Serge Delaleu, her treating physician. The affirmation of Dr. Delaleu was without any probative value since he clearly relied on the unsworn report of Dr. Salina Balilo in coming to his conclusions (see Matra v Raza, 53 AD3d 570 [2008]; Malave v Basikov, 45 AD3d 539 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Furrs v Griffith, 43 AD3d 389 [2007]; see also Friedman v U-Haul Truck Rented, 216 AD2d 266, 267 [1995]). The submissions of Dr. John T. Rigney and Dr. Robert Scott Schepp, Nasir’s treating radiologists, merely established that as of April 2004 and July 2004 there were disc bulges in Nasir’s spine at C2-C3, C3-C4, C4-C5, C5-C6, C6-C7, and L5-S1. The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Smeja v Fuentes, 54 AD3d 326 [2008]; Kilakos v Mascera, 53 AD3d 527 [2008]). The self-serving affidavit of Nasir was insufficient to raise a triable issue of fact (see UribeZapata v Capallan, 54 AD3d 936 [2008]; Michel v Blake, 52 AD3d 486, 486-487 [2008]; Shvartsman v Vildman, 47 AD3d 700, 701 [2008]; Yakubov v CG Trans Corp., 30 AD3d 509, 510 [2006]).
Nasir also failed to proffer competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (see Sainte-Aime v Ho, 274 AD2d 569 [2000]). Skelos, J.E, Ritter, Dillon, Garni and Leventhal, JJ., concur.