— In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 18, 2007, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant failed to address the plaintiff’s allegation that he sustained an injury to his testicular region as a result of the subject accident (see Coleman v Shangri-La Taxi, Inc., 49 AD3d 587 [2008]; Monkhouse v Maven Limo, Inc., 44 AD3d 630, 630-631 [2007]; O’Neal v Bronopolsky, 41 AD3d 452 [2007]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the opposing papers were sufficient to raise a triable issue of fact (see Coleman v Shangri-La Taxi, Inc., 49 AD3d 587 [2008]; Monkhouse v Maven Limo, Inc., 44 AD3d at 631; Coscia *534 v 938 Trading Corp., 283 AD2d 538 [2001]). Fisher, J.E, Lifson, Covello and Balkin, JJ., concur.