■ MAHUE MACK et al., Respondents, v SHADRAC VALFORT, Appellant. [876 NYS2d 887]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated September 22, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant made a prima facie showing of his entitlement to summary judgment through the affirmations of his examining physicians stating that, based upon their examinations of the plaintiffs, it was their opinion that neither of the plaintiffs sustained a permanent injury, limitation, or restriction as a result of the subject accident (*see Luckey v Bauch,* 17 AD3d 411 [2005]; *Sims v Megaris,* 15 AD3d 468 [2005]; *Check v Gacevk,* 14 AD3d 586 [2005]; *Paul v Trerotola,* 11 AD3d 441 [2004]; *Mastaccioula v Sciarra,* 11 AD3d 434 [2004]). The plaintiffs' submissions in opposition failed to raise a triable issue of fact.

With respect to the plaintiff Mahue Mack, the affirmed medi-

cal report of his treating physician, Dr. Theodore, failed to compare his findings as to the range of motion of Mr. Mack's cervical spine, lumbar spine, and shoulders to what is considered a normal range of motion (see *Caracci v Miller*, 34 AD3d 515 [2006]). Further, with respect to the plaintiff Lateesha Mack, the affirmed medical report of the same treating physician failed to quantify any purported restrictions found in her ranges of motion (see *Duke v Saurelis*, 41 AD3d 770 [2007]; *Jacobs v Slaght*, 47 AD3d 679 [2008]; *Bailey v Ichtchenko*, 11 AD3d 419 [2004]). The reports and addendum reports of Dr. Hausknecht, while reflecting certain restrictions in each plaintiff's cervical spine and lumbar spine flexion or rotation, rely, in part, upon unsworn reports of others (see *Besso v DeMaggio*, 56 AD3d 596, 597 [2008]; *Matra v Raza*, 53 AD3d 570 [2008]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Verette v Zia*, 44 AD3d 747, 748 [2007]). Additionally, as to causation, Dr. Hausknecht failed to address the radiological evidence of Dr. Rothpearl that the magnetic resonance imaging (hereinafter MRI) study of each plaintiff was negative for disc herniations and bulges, and that the plaintiffs' MRIs instead showed the existence of multi-level disc degeneration and dessication of long-standing duration.

The parties' remaining contentions are either without merit or academic in light of our determination. Rivera, J.P., Dillon, Covello and Eng, JJ., concur.