■ Marcus R. McMillian, Respondent, v Michael J. Naparano, Appellant. [879 NYS2d 152]—In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated August 15, 2008, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order insofar as appealed from, we do so on a ground other than that relied upon by the Supreme Court. The Supreme Court erred in concluding that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendant failed to satisfy his burden with respect to the plaintiff's allegation that he sustained a left knee injury as a result of the subject accident (*see Monkhouse v Maven Limo, Inc.,* 44 AD3d 630 [2007]; *O'Neal v Bronopolsky,* 41 AD3d 452 [2007]; *Hughes v Cai,* 31 AD3d 385 [2006]; *Loadholt v New York City Tr. Auth.,* 12 AD3d 352 [2004]).

Since the defendant failed to satisfy his prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Monkhouse v Maven Limo, Inc.,* 44 AD3d 630 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.