■ Martha Nye, Appellant, v Putnam Nursing & Rehabilitation Center et al., Respondents. [879 NYS2d 505]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated November 19, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when an elevator door closed on her hand as she attempted to reopen the closing door. The elevator was located at the premises owned by the defendant Putnam Nursing & Rehabilitation Center, which had retained the defendant Thyssen Krupp Elevator to perform elevator maintenance services. The plaintiff commenced this action, and the defendants moved for summary judgment dismissing the complaint contending, inter alia, that they did not create or have actual or constructive notice of any problem with the elevator doors. The Supreme Court granted the motion. We reverse.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.,* 32 NY2d 553, 559 [1973]; *see Cox v Pepe-Fareri One, LLC,* 47 AD3d 749 [2008]). In a premises liability case, a defendant moving for summary judgment has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Smith v New York City Hous. Auth.,* 52 AD3d 808 [2008]; *McKeon v Town of Oyster Bay,* 292 AD2d 574, 574-575 [2002]).

Here, the defendants failed to meet their initial burden of establishing their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The conflict between the original deposition testimony of an employee of the defendant Thyssen Krupp Elevator and the corrections he submitted in the errata sheets raised an issue of credibility which could not be resolved on the motion for summary judgment (*see Breco Envtl. Contrs., Inc. v Town of Smithtown,* 31 AD3d 359, 360 [2006]; *Surdo v Albany Collision Supply, Inc.,* 8 AD3d 655, 655 [2004]; *Williams v O & Y Concord 60 Broad St. Co.,* 304 AD2d 570, 571 [2003]). Additionally, the defendant Putnam Nursing & Rehabilitation Center failed to eliminate all triable issues of fact as to whether it had actual or constructive notice of the allegedly defective condition (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Since the defendants failed to meet their burden of establishing their prima face entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853; *Soomaroo v Mainco El. & Elec. Corp.,* 41 AD3d 465 [2007]). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.