■ Dov SAFER et al., Appellants, v GENE SILBERSWEIG, Respondent. [895 NYS2d 486]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered July 21, 2009, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Dov Safer did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Dov Safer did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, so much of the order as denied, as academic, that branch of the defendant's motion which was for summary judgment on the issue of liability is vacated, and the matter is remitted to the

Supreme Court, Nassau County, for a determination on the merits of that branch of the motion.

The Supreme Court erred in failing to consider those claims of serious injury set forth in the amended bill of particulars of the plaintiff Dov Safer. The amended bill of particulars was properly served "as of course prior to the filing of [the] note of issue" in this case (CPLR 3042 [b]).

In addition, contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that the plaintiff Dov Safer (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The injured plaintiff alleged in his bill of particulars and amended bill of particulars that he sustained a traumatic brain injury as a result of the subject accident. The defendant's examining orthopedic surgeon, the only doctor who physically examined the injured plaintiff on behalf of the defendant, failed to address the injured plaintiff's allegations that he sustained such a brain injury as a result of the subject accident (*see Hughes v Cai*, 31 AD3d 385 [2006]). On this basis alone, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment on the issue of serious injury.

Inasmuch as the defendant failed to meet his initial burden on that branch of his motion, summary judgment on the issue of serious injury should have been denied without regard to the sufficiency of the plaintiffs' opposition papers (*see Hughes v Cai*, 31 AD3d 385 [2006]).

Since the Supreme Court denied, as academic, that branch of the defendant's motion which was for summary judgment on the issue of liability, we vacate that portion of the order and remit the matter to the Supreme Court, Nassau County, for a determination on the merits of that branch of the motion. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.