■ JACQUELYN T. RIZZO, Respondent-Appellant, v ELIZABETH H. MOSELEY et al., Defendants, JOHNVITO L. SALERNO et al., Appellants, and DAVID K. ISRAEL, Respondent. [902 NYS2d 629]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Johnvito L. Salerno and Radiologic Associates, P.C., appeal, and the defendants Takouhie C. Maldjian, Ugo Paolucci, and Westchester County Health Care Corporation

separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated August 6, 2009, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and the plaintiff separately appeals from so much of the same order as granted that branch of the motion of the defendant David K. Israel and Orange Regional Medical Center which was for summary judgment dismissing the complaint insofar as asserted against the defendant David K. Israel.

Ordered that the order is affirmed insofar as appealed from by the defendants Johnvito L. Salerno, Radiologic Associates, P.C., Takouhie C. Maldjian, Ugo Paolucci, and Westchester County Health Care Corporation; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff, on the law, and that branch of the motion of the defendants David K. Israel and Orange Regional Medical Center which was for summary judgment dismissing the complaint insofar as asserted against the defendant David K. Israel is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants Johnvito L. Salerno, Radiologic Associates, P.C., Takouhie C. Maldjian, Ugo Paolucci, and Westchester County Health Care Corporation, and the respondent David K. Israel, appearing separately and filing separate briefs.

The plaintiff commenced the instant action to recover damages for medical malpractice, alleging that the defendants departed from accepted medical practice by failing to timely diagnose and treat an intradural lumbar schwannoma, a variety of tumor, and that the delay in diagnosis of approximately five weeks resulted in neurological injuries and an unnecessary surgery to her thigh. At issue on these appeals are the motions of the defendants Takouhie C. Maldjian, Ugo Paolucci, and Westchester County Health Care Corporation (hereinafter collectively the Maldjian defendants), the defendants Johnvito L. Salerno and Radiologic Associates, P.C. (hereinafter together the Salerno defendants), and the defendants David K. Israel and his employer, Orange Regional Medical Center (hereinafter together the Israel defendants) for summary judgment. The motions of the Maldjian defendants and the Israel defendants incorporated by reference an affirmation of Dr. Paul C. McCormick, stating that the delay in diagnosis was not a proximate cause of the plaintiff's injuries, on the ground that her symptoms were not related to her tumor, and, in any event, her condition at the time of her hospital admission in October 2006 was unstable,

requiring a delay of "several days" before the tumor could be removed. The Salerno defendants submitted the affirmation of an expert, Dr. Jacob J. Barie. In opposition, the plaintiff submitted, inter alia, the affirmation of her treating neurosurgeon. In the order appealed from, the Supreme Court determined that the plaintiff raised triable issues of fact with respect to the Maldjian defendants and the Salerno defendants. However, the motion of the Israel defendants for summary judgment was granted on the ground that the "[p]laintiff has failed to offer any proof as to how Israel departed from good and accepted medical practice."

Initially, we note that the Supreme Court providently exercised its discretion in entertaining the Israel defendants' untimely cross motion (*see Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]). On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured by any such departure. In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Deutsch v Chaglassian*, 71 AD3d 718 [2010], citing *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

On their motion for summary judgment, the Salerno defendants claimed that they did not depart from good and accepted medical practice and that the alleged departure was not a proximate cause of the plaintiff's injuries in any event. The Maldjian defendants did not address the issue of whether they departed from good and accepted medical practice, relying solely on their contention that the alleged departure was not a proximate cause of the plaintiff's injuries. Similarly, the Israel defendants did not address the issue of whether Israel departed from good and accepted medical practice, contending only that the alleged departure was not a proximate cause of the plaintiff's injuries. The evidence in support of the contentions of the several defendants was insufficient to establish their respective entitlements to judgment as a matter of law. Salerno's testimony raised issues of fact and credibility as to whether the Salerno defendants departed from good and accepted medical practice (*see Nye v Putnam Nursing & Rehabilitation Ctr.*, 62 AD3d 767 [2009]; *Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 359, 360 [2006]). On the issue of proximate cause, Dr. Barie's opinion that Salerno's radiology report did not accompany the patient upon her transfer to Westchester County Medical Center and, therefore, could not have affected her treatment there, is

contradicted by the record. Further, Dr. McCormick's opinion that the plaintiff's symptoms were unrelated to her tumor was contradicted by Dr. Paolucci's own deposition testimony, and Dr. McCormick failed to address the plaintiff's contention that the five-week delay in treating the tumor was a proximate cause of her injuries.

Accordingly, the Supreme Court properly denied the respective motions of the Maldjian defendants and the Salerno defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, without regard to the sufficiency of the plaintiff's opposition papers. The Supreme Court also should have denied that branch of the motion of the Israel defendants which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Israel, notwithstanding the sufficiency of the plaintiff's opposition papers.

The parties' remaining contentions are without merit, are not properly before this Court, or need not be addressed in light of our determination. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.