■ IRINA RACHEL NEWMAN, Respondent, v SURF GLASS CORP. et al., Appellants, et al., Defendant. [940 NYS2d 902]—In an action to recover damages for personal injuries, the defendants Surf Glass Corp. and Adam T. Hill appeal from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), dated September 12, 2011, as denied that branch of their motion, made jointly with the defendant Harold Michelman, which was for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants, Surf Glass Corp. and Adam T. Hill, failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance

Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants failed to address, much less satisfy their burden with respect to, the plaintiff's allegations that her temporomandibular joints, and brain, sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Safer v Silbersweig*, 70 AD3d 921, 922 [2010]; *Hughes v Cai*, 31 AD3d 385, 385-386 [2006]).

Since the appellants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Safer v Silbersweig*, 70 AD3d at 922; *Hughes v Cai*, 31 AD3d at 385-386).

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.