■ NACHEZ PLEASANT, Respondent, v M & LENNY TAXI CORP. et al., Appellants. [942 NYS2d 601]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 16, 2011, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to even address, much less satisfy, their burden with respect to the plaintiff's allegation that her brain sustained certain injuries as a result of the subject accident (*see Safer v Silbersweig*, 70 AD3d 921, 922 [2010]; *Hughes v Cai*, 31 AD3d

385, 385-386 [2006]). Furthermore, the defendants failed to adequately address the plaintiff's claim that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her ususal and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Bangar v Man Sing Wong*, 89 AD3d 1048, 1049 [2011]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*id.*; *see Safer v Silbersweig*, 70 AD3d at 922; *Hughes v Cai*, 31 AD3d at 385-386). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.