■ ELIZABETH POLLINA, Respondent, v OAKLAND'S RESTAURANT, INC., et al., Appellants. [945 NYS2d 134]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by a letter dated September 22, 2011, from so much of an order of the Supreme Court, Suffolk

County (Pitts, J.), dated February 25, 2011, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered the order is affirmed insofar as appealed from, with costs.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie case showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Bruk v Razag, Inc.*, 60 AD3d 715, 715 [2009], quoting *Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *see Granillo v Toys "R" Us, Inc.*, 72 AD3d 1024, 1025 [2010]). Here, the defendants sustained this burden by submitting the transcript of the deposition testimony of the manager of the restaurant where the subject accident occurred, demonstrating that they neither created the allegedly greasy condition that caused the plaintiff's fall nor had actual or constructive notice thereof, since the manager inspected the landing where the accident allegedly occurred every 5 to 10 minutes during the course of the evening, and did not observe any dark-colored stains or water on the landing prior to the plaintiff's accident (*see Cusack v Peter Luger, Inc.*, 77 AD3d 785, 786 [2010]; *DeLeon v Westhab, Inc.*, 60 AD3d 888 [2009]; *Malenda v Great Atl. & Pac. Tea Co., Inc.*, 50 AD3d 972, 972-973 [2008]; *Sloane v Costco Wholesale Corp.*, 49 AD3d at 523). In opposition, however, the plaintiff raised a triable issue of fact as to whether the defendants had actual or constructive notice of the alleged hazardous condition by submitting evidence that another restaurant patron had allegedly slipped and fallen on a greasy substance on the landing one to two hours before the plaintiff's accident, and had informed a restaurant employee about his fall (*see Walters v Costco Wholesale Corp.*, 51 AD3d 785 [2008]).

We note that the conflict between the plaintiff's original deposition testimony and the correction sheet "raises an issue of credibility which may not be resolved on a motion for summary judgment" (*Williams v O & Y Concord 60 Broad St. Co.*, 304 AD2d 570, 571 [2003]; *see Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 359, 360 [2006]; *Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655 [2004]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.