MICHAEL WEREMECKI et al., Appellants, v BROADWAY CONTINENTAL CORP., Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. LAFCO ENTERPRISES, INC., et al., Third-Party Defendants-Respondents. [946 NYS2d 655]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 28, 2011, which granted the motion of the defendant Broadway Continental Corp. for summary judgment dismissing the complaint insofar as asserted against it and the third-party defendants' cross motion for summary judgment dismissing the third-party complaint.

Ordered that the appeal from so much of the order as granted the third-party defendants' cross motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion of the defendant Broadway Continental Corp. for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Broadway Continental Corp., and one bill of costs is awarded to the third-party defendants, payable by the plaintiffs.

Michael Weremecki (hereinafter the injured plaintiff) was a warehouse manager for the second-floor tenant at a building in Manhattan. The building was owned by the defendant Broadway Continental Corp. (hereinafter Broadway). On June 9, 2006, the freight elevator in the building was not working; it is not disputed that this elevator was frequently out of order. The injured plaintiff's employer received a large shipment of boxes that day. The plaintiffs allege that Broadway, as a matter of course, did not permit the injured plaintiff's employer to use the passenger elevator for freight, so it was necessary for freight to be carried up the stairs. The injured plaintiff, who is 6 feet 4

inches tall, was carrying a 90-pound box down a hallway toward the stairs when, due to a doorway that allegedly was lower than what is required by the Administrative Code of the City of New York, he had to bend so as to clear the doorway. In the course of doing so, he felt something pull in his back and a sharp pain shoot down his legs.

The injured plaintiff and his wife, suing derivatively, commenced this action against, among others, Broadway, alleging that the injuries were caused by Broadway's negligence in failing to furnish a working freight elevator and in having a doorway that violated the height requirements of the Administrative Code. Broadway moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that any failure to provide an operational freight elevator was not a proximate cause of the injuries, but it did not address the plaintiffs' claim that the lower-than-required doorway was a proximate cause of those injuries. The Supreme Court granted the motion. The plaintiffs appeal.

The issue of proximate cause is generally a matter left to the trier of fact, provided that the court has been assured that a prima facie case of proximate cause has been established (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Pironti v Leary, 42 AD3d 487 [2007]; Carson v Dudley, 25 AD3d 983 [2006]). To make a prima facie determination of proximate cause, the injured plaintiff must show that the defendant's negligence was a substantial cause of the events which produced the injury (see Maheshwari v City of New York, 2 NY3d 288, 295 [2004]; Derdiarian v Felix Contr. Corp., 51 NY2d at 315).

Here, Broadway failed to address the plaintiffs' allegations regarding a violation of the Administrative Code and thus failed to demonstrate prima facie that it did not violate the Administrative Code or that its alleged violation of the Administrative Code was not a proximate cause of the injured plaintiff's injuries. Accordingly, its motion for summary judgment dismissing the complaint should have been denied, without regard to the sufficiency of the plaintiffs' papers in opposition (see Rizzo v Moseley, 74 AD3d 942, 944-945 [2010]; Safer v Silbersweig, 70 AD3d 921, 922 [2010]; Hansen v Gilmore, 33 AD3d 664 [2006]).

Broadway's remaining contentions are without merit. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.