In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered December 22, 2011, as granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured in a Shop-Rite supermarket when a frozen turkey fell from a display bin onto her foot. The plaintiff commenced this personal injury action against the defendants, alleging that the frozen turkeys were stacked in such a manner as to constitute a dangerous, hazardous, and unsafe condition.
On a motion for summary judgment dismissing the complaint in a premises liability case, a defendant property owner or entity responsible for maintaining the premises has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Guzman v Jewish Bd. of Family & Children’s Servs., Inc., 103 AD3d 776 [2013]; Minor v 1265 Morrison, LLC, 96 AD3d 1024 [2012]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598 [2010]).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they did not create the alleged dangerous, hazardous, or unsafe condition, as they did not stack turkeys in such a manner as to be hanging over the front lip of the turkey bin on the date of the accident, and that they did not have actual or constructive notice of such a condition (see Ruggiero v Waldbaums Supermarkets, 242 AD2d 268, 269 [1997]; see also Pollina v Oakland’s Rest., Inc., 95 AD3d 1190 [2012]; Freiser v Stop & Shop Supermarket Co., LLC, 84 AD3d 1307 [2011]; Cusack v Peter Luger, Inc., 77 AD3d 785 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the defendants’ motion for summary judgment dismissing the complaint was properly granted.
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.