■ JAMES M. BOWEN, Appellant, v JAMES J. WILSON et al., Respondents. [52 NYS3d 876]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated March 6, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the plaintiff alleged in the bill of particulars that he sustained a serious injury to his jaw, in the form of "TMJ Syndrome," the defendants failed to submit competent medical evidence addressing this alleged serious injury (*see Dunlap v American Med. Response of N.Y., Inc.*, 102 AD3d 653 [2013]; *Newman v Surf Glass Corp.*, 93 AD3d 830, 831 [2012]). In ad-

dition, the papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.