3B Assoc. LLC v eCommission Solutions, LLC (2023 NY Slip Op 01470)

3B Assoc. LLC v eCommission Solutions, LLC

2023 NY Slip Op 01470

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 657537/17 Appeal No. 17545-17546 Case No. 2022-02286, 2022-02582 

[*1]3B Associates LLC et al., Plaintiffs-Respondents,
v
eCommission Solutions, LLC, Defendant-Appellant. 

Day Pitney LLP, New York (Gregory R. Bruno of counsel), and Kelly Hart & Hallman, LLP, Fort Worth, TX (Michael D. Anderson of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Sexter & Warmflash, P.C., New York (Jeremy A. Welfer of counsel), for respondents.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered May 18, 2022, in plaintiffs' favor, and bringing up for review an order, same court and Justice, entered on or about April 6, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on their first breach of contract claim and dismissing the affirmative defenses of lack of consideration, prior material breach, termination, and lack of standing, unanimously modified, on the law, to vacate the judgment and deny plaintiffs' motion for summary judgment on their first breach of contract claim and for summary dismissal of the affirmative defenses of prior material breach and lack of standing, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
There are, at a minimum, factual issues surrounding whether plaintiff 3B Associates LLC was the corporate successor-in-interest of plaintiff 3B Group, Inc., such that 3B Associates has standing to enforce the agreement between 3B Group and defendant as a matter of law (see Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC, 152 AD3d 478, 481 [2d Dept 2017]). The fact that 3B Group and 3B Associates retained the same principals is not dispositive (see Fleet Natl. Bank v Impol Seval Aluminum Rolling Mill Inc., 192 AD3d 628, 631 [1st Dept 2021]). Nor did defendant definitively consent to 3B Associates becoming the successor of 3B Group, as there are facts in the record to support defendant's principal's position that he was unaware that 3B Group had dissolved or that 3B Associates had formed at the time he issued checks to 3B Associates in 2012 and 2013. His assertion that he issued those checks because he believed that 3B Associates was 3B Group's assumed name or was a d/b/a of 3B Group is sufficient to create a factual issue on this point.
There also remain factual issues as to whether plaintiffs performed their obligations under the agreement (see e.g. Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]). The agreement provides that it was entered into in "consideration of 3B's work, efforts and assistance regarding [defendant] and the development of [defendant's] business, the sufficiency and receipt of which is hereby acknowledged." However, the agreement does not specify the type of "work, efforts and assistance" that 3B Group was to perform, or whether the performance obligations were ongoing. Nor does the agreement provide that defendant was obligated to pay a profits interest to 3B Group in perpetuity. In addition, that there was a "significant conflict on a material issue between [plaintiffs' principal's] original deposition testimony and the correction on the errata sheet," raised a credibility issue with respect to the scope and duration of the agreement (see e.g. Natale v Woodcock, 35 AD3d 1128, 1129 [3d Dept 2006]; 
see also [*2]Ashford v Tannenhauser, 108 AD3d 735, 736-737 [2d Dept 2013]). The issue of whether the proceeds from defendant's settlement with nonparty Dell should have been included within the definition of "net profits" under the agreement presents another factual issue that cannot be resolved on this record.
We have considered defendant's remaining arguments with respect to its other affirmative defenses, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023