■ ISIDOR BLOCK, Appellant, v. MILDRED BRONSTEIN, Respondent.— In an action to recover a $15,350 balance of moneys allegedly held by defendant for plaintiff's benefit, pursuant to an oral trust agreement which required the return of such moneys to plaintiff upon his demand, in which action a preclusion order, made November 2, 1961 on the consent of the parties, directed the defendant, within 30 days, to furnish a verified bill of particulars relating to her defense of payment, the plaintiff appeals from an order of the Supreme Court, Kings County, dated January 5, 1962, which, on defendant's motion: (1) vacated said preclusion order; and (2) directed plaintiff to accept defendant's bill of particulars verified November 22, 1961, which plaintiff's counsel had returned to defendant's counsel on the ground that it failed to comply with the demand therefor and with said preclusion order. Order affirmed, with $10, costs and disbursements. It was undisputed that the bill of particulars in question was served within the 30-day period as required by the preclusion order. Accordingly, said order was no longer effective; it became *functus officio*. However, its vacatur, although not necessary, was not improper, for the vacatur may tend to prevent confusion at the trial (see *Pavia & Co. S. P. A.* v. *Siegel Chem. Co.*, 1 A D 2d 655). Since the only issue properly before the court was the timeliness of the service of defendant's bill, and since its timely service was undisputed, the court's direction that the bill be accepted as served, was proper. The practice adopted by plaintiff's counsel here is unauthorized and is disapproved. Neither the Civil Practice Act nor any rule sanctions the unilateral rejection and return by counsel of a bill of particulars on the ground that it fails to comply with the demand therefor or with a court's order relating thereto, as was done in this case (*Holmes* v. *Liquori*, 12 A D 2d 735; *Pavia & Co. S. P. A.* v. *Siegel Chem. Co., supra*). Such a practice is a meaningless gesture; it adds nothing but confusion. The sufficiency of a bill of particulars, as served, is a question for the court, and not for counsel, to decide. The rules prescribe the proper procedure to determine the sufficiency. Where the party upon whom a bill of particulars has been served regards it as insufficient, subdivision (d) of rule 115 of the Rules of Civil Practice mandates that "such party shall make an application, upon notice, for an order of preclusion or directing the service of a further bill"; and, in the absence of special circumstances, the motion papers for such relief are required to be served within 10 days after receipt of the bill claimed to be insufficient (cf. Rules Civ. Prac., rule 115, subd. [a]). Attention is also called to the fact that upon a motion to preclude the court will not scrutinize items in a demand for a bill where there has been no motion to vacate or modify the items pursuant to subdivision (a) of rule 115 of the Rules of Civil Practice, except where the items

demanded are "palpably improper" (*Tomasino* v. *Prudential Westchester Corp.*, 1 A D 2d 781). Nor will the court examine the sufficiency of a served bill in the absence of a timely motion directed to that issue pursuant to subdivision (d) of rule 115 of the Rules of Civil Practice. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.