PATSY ALTMAN et al., Appellants, v BROADWAY REALTY CO., Respondent and Third-Party Plaintiff-Appellant. MILLAR ELEVATOR INDUSTRIES, INC., Third-Party Defendant-Respondent.

Second Department, April 16, 1984

### APPEARANCES OF COUNSEL

*Kenneth Heller* (*Stanley Wilkins* of counsel), for appellants.

*O'Brien, McGarry, Murtagh & Mayr* (*James M. O'Brien* of counsel), for respondent and third-party plaintiff-appellant.

*Hannon & Jerome* (*Weiss, Blutrich, Falcone & Miller* [*Robert J. Miller*] of counsel), for third-party defendant-respondent.

*Per Curiam.*

By service of a summons and verified complaint on or about May 20, 1974, plaintiff Patsy Altman sought recovery from defendant third-party plaintiff Broadway Realty Co. (Broadway) for injuries she sustained as a result of the violent and sudden closing of the doors of an elevator in the premises of 11 Broadway, where she was employed by a tenant of Broadway, the owner of the premises. Her husband, Jerome Altman, sought recovery for loss of consortium and medical expenses. The complaint alleged that Broadway was negligent in failing to keep the elevator in proper repair and the premises in a safe condition. Broadway impleaded Millar Elevator Industries, Inc. (Millar), seeking indemnification.

On December 16, 1974, plaintiffs served a bill of particulars stating, *inter alia,* that "[n]o actual notice is claimed at the present time". In a supplemental bill of particulars, served August 20, 1981, plaintiffs repeated the above statement. On January 5, 1982, plaintiffs served a second supplemental bill of particulars, without leave of court, which contained claims of continuing special damages and disabilities. It was also stated therein that actual notice had been given to a named person, employed by Broadway as an elevator starter, in that two unnamed people had previously complained to him about two similar elevator incidents which had occurred within a month before the instant occurrence. Broadway and Millar accepted service of the second supplemental bill, and at no time did either move for preclusion of matters contained therein.

During the trial, counsel for Broadway objected to a question posed to plaintiff Patsy Altman on direct examination about other incidents. After the court heard argument by the parties, a ruling was made precluding evidence of prior incidents to show notice. The court noted that on two occasions, in their bills of particulars, plaintiffs had stated that there was no actual notice. Plaintiffs excepted to the ruling.

Plaintiffs' evidence included Patsy Altman's description of the accident.

"I was standing right in front of the elevator. The doors opened and I started to go into the elevator somewhere around, I guess, a second after the doors opened. And immediately, as I crossed the threshold, the doors started to close; they didn't close, they went boom, like that (indicating) and they held me in place. I couldn't get the doors to push back. I had my purse in my hand and my dogs on the leash and I dropped it. All I could try to do was to push the doors away like this (indicating). The rubber, on the door, was right here at my neck (indicating) and I tried to push it away; but the doors would not go back.

"I started yelling immediately for help and, about a minute, minute and a half later, a man came out from an office almost — you know — across the hallway from the elevator, and he tried to get the doors open. And he kept trying to push them and he couldn't get them opened. There was a woman, also, that had come out with him and she was trying to help him push it also; but he couldn't. He finally had to go in through here (indicating) with his left arm, and hit the door-open button. The first time he did it, the doors did not open and they still held me in place and, finally, he was able to get the doors to move away from me."

At the close of trial, the court granted Broadway's motion to dismiss plaintiffs' complaint on the ground that plaintiffs failed to make out a prima facie case and granted Millar's motion to dismiss the third-party complaint. Plaintiffs are seeking review of (1) the court's ruling precluding testimony of actual notice; and (2) the dismissal of the complaint.

We find that the trial court abused its discretion in precluding plaintiffs from offering testimony as to actual notice. Allegations of actual notice were contained in plaintiffs' "second supplemental bill of particulars", which was served six months prior to the service of a note of issue and statement of readiness. Broadway cannot, and indeed did not, claim surprise. In a personal injury action, a party may file a supplemental bill of particulars without seeking leave of court, with respect to claims of continuing special damages and disabilities (CPLR 3043, subd [b]). While the second supplemental bill did in fact contain such allega-

tions, the notice allegation does not fall within the purview of CPLR 3043 (subd [b]). Plaintiffs were required to seek leave of court to supplement their pleading with regard to notice, as required by CPLR 3025 (subd [b]). However, plaintiffs' failure to do so did not, by itself, authorize the court to *sua sponte* preclude the testimony. The failure of Broadway to move, pursuant to CPLR 3042 (subd [d]), for preclusion bars it from obtaining relief which would preclude an offer of proof in accordance with the bill furnished (see, e.g., *Pacos Constr. Co. v State of New York,* 41 AD2d 690; *Lutza v Bollacker,* 36 AD2d 789; *Block v Bronstein,* 16 AD2d 926). Moreover, even if a motion to preclude had been made, plaintiffs could have been afforded the opportunity to serve a proper bill within a specified time (CPLR 3042, subd [e]), i.e., served with leave of court. Broadway has not shown prejudice which would have warranted the denial of leave to serve a supplemental bill alleging actual notice (CPLR 3025, subd [b]; see, e.g., *Portilla v Boyke,* 51 AD2d 539).

In *Rogers v Dorchester Assoc.* (32 NY2d 553, 557) the Court of Appeals found that a jury can infer negligence in repairing and maintaining an elevator from evidence of prior malfunctions. The trial court's unwarranted preclusion of such testimony by plaintiffs unfairly deprived them of a fair opportunity to present their case, and is grounds for reversal and remittance for a new trial.

■ The court committed the additional error of granting Broadway's motion to dismiss the complaint for failure to make out a prima facie case. The Court of Appeals has held that "[if] the jury believes that the [elevator] door closed the way plaintiff testifies, then that is circumstantial evidence that the mechanism which controlled it may have been defective or poorly maintained" (*Feblot v New York Times Co.,* 32 NY2d 486, 494-495). The record reveals that plaintiffs had made a prima facie showing of negligence; and the court erred in not submitting the matter to the jury.

Accordingly, the judgment dismissing plaintiffs' complaint should be reversed. The dismissal of the third-party complaint should also be reversed, and the entire matter remitted for a new trial.

MOLLEN, P. J., TITONE, O'CONNOR and WEINSTEIN, JJ., concur.

Counterjudgment of the Supreme Court, Nassau County, entered October 7, 1983, reversed, on the law and the facts, and new trial granted, with costs to abide the event. (We have treated the plaintiffs' notice of appeal as a premature notice of appeal from the counterjudgment.)