■ GEORGIANA PROCTOR et al., Appellants-Respondents, v RENSSELAER POLYTECHNIC INSTITUTE et al., Respondents, and SCHINDLER ELEVATOR CORPORATION, Doing Business as MILLAR ELEVATOR SERVICE COMPANY, et al., Respondents-Appellants. [715 NYS2d 254] —Mercure, J. P. Appeals from a judgment of the Supreme Court (Ceresia, Jr., J.), entered September 28, 1999 in Rensselaer County, which, *inter alia,* granted the motions of defendants Rensselaer Polytechnic Institute and Otis Elevator Company for summary judgment dismissing the complaint against them and denied the motions of defendants Schindler Elevator Corporation and Millar Elevator Service Company for summary judgment dismissing the complaint against them.

Plaintiff Georgiana Proctor (hereinafter plaintiff) sustained the injuries forming the basis for this action on March 28, 1995 when she tripped over the partially opened lower door of a freight elevator she was attempting to board in connection with her employment as a food service worker at defendant Rensselaer Polytechnic Institute (hereinafter Rensselaer). The elevator, installed by defendant Otis Elevator Company in 1953, services the basement and kitchen levels of a campus dining facility and is used by kitchen staff to transfer supplies between those two levels. The outer doors of the elevator open vertically through the manual operation of pushing up the upper door or pushing down the lower door, either of which will cause the opposing door to move a like distance.

The complaint asserted direct and derivative causes of action sounding in negligence, breach of warranty and/or strict products liability against Rensselaer, as the owner of the property, Otis, based on its design, manufacture and installation of the elevator, and defendant Schindler Elevator Corporation, doing business as Millar Elevator Service Company (hereinafter collectively referred to as Millar), which contracted to service and maintain the elevator. Defendants asserted various cross claims, discovery was conducted and all defendants

moved for summary judgment seeking, as relevant to this appeal, dismissal of the complaint. Supreme Court dismissed the complaint against Rensselaer and Otis but denied Millar's motion based upon its failure to establish prima facie that it was not negligent or to present competent evidence on the issue of whether a defective component part it installed may have caused a malfunction in the elevator doors. Plaintiffs and Millar appeal.

We affirm. On the summary judgment motions, the essential facts surrounding plaintiff's accident were supplied through the deposition testimony of plaintiff and eyewitnesses Joseph Manory and Kathleen Pike. Plaintiff testified that at the time in question she took an empty supply cart to the elevator, fully opened the outer doors and inner doors and then wheeled the cart onto the empty elevator. At that point, and before plaintiff entered the elevator herself, her attention was directed away when one of her co-workers called to her and asked if she would get something in the basement for the co-worker. Plaintiff thereafter turned back toward the elevator, moved her feet to get on, and first her left and then her right foot caught on the lower vertical door, which was at that point protruding up from the floor, causing plaintiff to fall forward into the elevator.

Manory and Pike gave a very different account of the accident. Both testified that it was Manory who opened the doors and entered the elevator with an empty supply cart and plaintiff thereafter called to him and asked him to wait because she wanted to get some supplies from the basement. According to Manory, he had already begun closing the outer doors when plaintiff called to him. After she called, he began opening the doors, but plaintiff hurried onto the elevator at a time when, although Manory thought that the door was fully opened, apparently 6 to 12 inches of the bottom door still extended up from the elevator floor. Although Pike's attention was initially directed elsewhere and she did not see Manory closing and then opening the doors, she confirmed that the bottom door was up about six inches when plaintiff attempted to enter the elevator.

The record also contains testimony concerning a phenomenon referred to as "bouncing" or "rebounding," which could occur when the outer elevator doors were opened with too much force, thereby causing the doors to move to the fully opened position and then "bounce" back somewhat. Pike testified that she had experienced such "bouncing" when she would pull really hard on the door, but did not see the door "bounce" at the

time of the accident. Neither plaintiff nor Manory had ever experienced any such problem with the elevator. There is also testimony as to occasions when a person in the basement would push up the bottom of the lower door, causing the top of that door to extend up beyond the floor at the kitchen level. No witness testified as to any such occurrence, however, at the time of the subject accident. Finally, plaintiffs' expert, professional engineer Donald Gower, introduced another phenomenon, which he called "drift" and is the tendency of the fully opened doors to begin closing absent any external force due to the unequal counterbalancing of the upper and lower doors. Gower indicated that his personal inspection following the accident showed that the doors were out of balance, although there was no evidence that "drift" had ever occurred, either at the time of the accident or otherwise.

Although the foregoing evidence suggests that the accident was caused by plaintiff's attempt to enter the elevator before Manory had an opportunity to fully open the outer doors, factual issues remain as to whether either "rebounding" or "drift" was a proximate cause of the accident. On the other hand, the suggestion that an unknown person in the basement may have pushed up the lower door is based solely on speculation and is thus lacking in probative value (see, *Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662, 663). The causes of action asserted against the several defendants shall be considered in such light.

First, we agree with Supreme Court's conclusion that Rensselaer was entitled to summary judgment dismissing the complaint against it. As a condition precedent to liability for any failure to maintain a safe condition, a landowner must have actual or constructive knowledge of the dangerous condition (see, *Vliet v Crowley Foods*, 263 AD2d 941, 943; *Tashjian v Strong & Assocs.*, 225 AD2d 907, 908). In support of the motion, Rensselaer's Senior Director of Auxiliary Services provided an affidavit presenting prima facie evidence that, except for occasional problems with a broken door strap, Rensselaer received no notice or complaints concerning any problems with this particular elevator, including complaints of bouncing, rebounding, drifting or any improper leveling. In response, plaintiff came forward with no evidence that any such complaints had been made. Indeed, the only reference to any prior problems is found in Pike's deposition testimony, and she specifically denied having made any complaints to Rensselaer.

Further, given the undisputed evidence that Otis "did not own, operate, manage, or control the elevator" for four decades

prior to the accident (*Andino v Stahl*, 248 AD2d 338, 339; *see, Samanski v Otis El. Co.*, 216 AD2d 376, 377; *Quiles v New York City Hous. Auth.*, 97 AD2d 505, 506) and that the elevator was designed, manufactured and installed in compliance with all standards applicable at the time of installation in 1953, we conclude that Supreme Court did not err in dismissing the complaint against Otis.

Finally, we agree with Supreme Court's conclusion that because Millar's evidentiary showing failed to include an affidavit from the person who regularly inspected the elevator and the supplied work tickets failed to identify the particular elevator that was worked on, Millar failed to satisfy its initial burden on its summary judgment motion (*cf., Tashjian v Strong & Assocs., supra*, at 908-909). In any event, in view of plaintiffs' evidentiary showing that the elevator doors were not properly counterbalanced and that such a condition could have caused the doors to "bounce" or "drift," a question of fact exists as to whether Millar properly monitored and adjusted the elevator. We therefore conclude that Supreme Court did not err in denying Millar's summary judgment motion.

The parties' additional contentions either need not be addressed or have been considered and found to be unavailing.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.