■ JOANN LOTRUGLIO, Respondent, v SAKS FIFTH AVENUE, Appellant, et al., Defendant. [721 NYS2d 551] —In an action to recover damages for personal injuries, the defendant Saks Fifth Avenue appeals from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered April 6, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on February 6, 1994, when she was crushed by rapidly-closing elevator doors while entering an elevator on the first floor of a department store owned by the defendant Saks Fifth Avenue (hereinafter Saks). Saks had contracted with the defendant Millar Elevator Service Company to provide exclusive maintenance of the elevator. Saks moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, *inter alia*, that it did not have notice, actual or constructive, of any problem with the function of the elevator doors. The Supreme Court denied the motion, stating that the doctrine of res ipsa loquitur applies.

Although we agree with Saks that the doctrine of res ipsa loquitur is inapplicable (*cf., Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Feblot v New York Times Co.,* 32 NY2d 486), we affirm on a different ground. As the proponent of a motion for summary judgment, Saks had the burden of establishing its prima facie entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Saks failed to make such a showing, thus warranting the denial of its motion (*cf., Feblot v New York Times Co. supra; Cacciolo v Port. Auth.,* 186 AD2d 528; *Altman v Broadway Realty Co.,* 101 AD2d 83). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.