■ ISRAEL REEFE, Respondent, v ECONOMY ELEVATOR OF NEW YORK, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [723 NYS2d 228] —In an action to recover damages for personal injuries, the defendant Economy Elevator of New York, Inc., appeals from an order of the Supreme Court, Kings County (Barron, J.), dated February 2, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Economy Elevator of New York, Inc., and the action against the remaining defendant is severed.

The plaintiff, an employee of the third-party defendant,

Maimonides Medical Center (hereinafter Maimonides), was injured at work when an elevator door closed suddenly upon him. The plaintiff commenced this action against, among others, Economy Elevator of New York, Inc. (hereinafter Economy), a company that Maimonides occasionally used to service its elevators.

Economy established its entitlement to judgment as a matter of law by demonstrating that it did not create the alleged defect in the elevator. Economy submitted proof that the repair which it made to the elevator selector contact three days before the accident was unrelated to the operation of the elevator doors. In opposition, the plaintiff failed to raise a material issue of fact sufficient to warrant denial of the motion (*see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

Furthermore, contrary to the plaintiff's contention, he cannot rely upon the doctrine of res ipsa loquitur to infer that Economy was negligent. Since Maimonides' own maintenance department undertook the regular maintenance and inspection of the elevators, and Economy only performed work when requested by Maimonides, the plaintiff failed to establish that Economy had the exclusivity of control necessary to invoke res ipsa loquitur (*see, Corcoran v Banner Super Mkt.,* 19 NY2d 425; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Kambat v St. Francis Hosp.,* 89 NY2d 489).

Accordingly, Economy was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557, 562). Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.