■ PATRICK GILBERT, Respondent, v KINGSBROOK JEWISH CENTER, Respondent-Appellant, and SERGE ELEVATOR CO., INC., Appellant-Respondent. [771 NYS2d 399]—

In an action to recover damages for personal injuries, the defendant Serge Elevator Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered May 10, 2002, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and as failed to grant that branch of its separate cross motion which was for summary judgment dismissing the third-party complaint and all cross-claims insofar as asserted against it based upon the defendant Kingsbrook Jewish Center's alleged spoliation of evidence, and the defendant Kingsbrook Jewish Center cross-appeals from stated portions of the same order which, inter alia, denied those branches of its motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it and for summary judgment on its third-party claims against Serge Elevator Co., Inc., for contractual and common law indemnification.

Ordered that the appeal from so much of the order as failed to grant that branch of the cross motion of the defendant Serge Elevator Co., Inc., which was for summary judgment dismissing the third-party complaint and all cross-claims insofar as asserted against it based upon the Kingsbrook Jewish Center's alleged spoliation of evidence is dismissed, as that branch of the cross motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Both the defendant Kingsbrook Jewish Center (hereinafter Kingsbrook) and the defendant Serge Elevator Co., Inc. (hereinafter Serge), failed to satisfy their initial burdens of making a prima facie showing of entitlement to judgment as a matter of law by eliminating any triable issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In

particular, they failed to demonstrate that the subject elevator was not defective, that they lacked actual and constructive notice of the alleged defects (*see Carrasco v Millar El. Indus.*, 305 AD2d 353 [2003]), or that their alleged negligence was not a proximate cause of the plaintiff's accident and injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]).

In addition, resolution of the issue of Serge's duty to indemnify Kingsbrook must await a determination as to whether the plaintiff's injuries were caused by any negligence on the part of Kingsbrook (*see Chacon v Calimia Constr. Co.*, 306 AD2d 306 [2003]; *Medina v New York El. Co.*, 250 AD2d 656 [1998]; *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449 [1985]). Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.