■ YVETTE D. Cox et al., Respondents-Appellants, v PEPE-FARERI ONE, LLC, Respondent, and THYSSEN ELEVATOR CORP., Appellant-Respondent. [850 NYS2d 559]—

In an action to recover damages for personal injuries, etc., the defendant Thyssen Elevator Corp. appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 7, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment against that defendant on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Yvette D. Cox allegedly was injured when, as she was entering an elevator, the elevator doors closed on her and crushed her. The defendant Thyssen Elevator Corp. (hereinafter Thyssen), which had been retained by the building lessee to service and maintain the elevator, failed to establish its prima facie entitlement to summary judgment dismissing the complaint. The evidence offered in support of its motion failed to establish that it had maintained the subject elevator in a safe operating condition and had no actual or constructive notice of a defective condition (see Hall v Barist El. Co., 25 AD3d 584, 585 [2006]). Thyssen's failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of the motion, regardless of the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law based on the doctrine of res ipsa loquitur, since the plaintiffs failed to demonstrate that the instrumentality that controls the door closure was within Thys-

sen's exclusive control (*see Feblot v New York Times Co.*, 32 NY2d 486 [1973]; *see also Graham v Wohl*, 283 AD2d 261 [2001]; *Reefe v Economy El. of N.Y.* 282 AD2d 591 [2001]; *LoTruglio v Saks Fifth Ave.*, 281 AD2d 399 [2001]; *Cacciolo v Port Auth. of N.Y. & N.J.*, 186 AD2d 528 [1992]).

Accordingly, the Supreme Court properly denied that branch of Thyssen's motion which was for summary judgment dismissing the complaint insofar as asserted against it and the plaintiffs' cross motion for summary judgment against Thyssen on the issue of liability. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.