█ ZUMA KUCEVIC, Appellant, v THREE PARK AVENUE BUILD-ING CO., L.P., et al., Respondents. (And a Third-Party Action.)
[866 NYS2d 314]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered July 10, 2007, which, upon so much of an order of the same court entered October 10, 2006, as granted the motion of the defendant New York Elevator

Company for summary judgment dismissing the complaint insofar as asserted against it, and upon an order of the same court entered May 4, 2007, which, in effect, granted the separate motion of the defendants Three Park Avenue Building Co., L.P., and Cohen Brothers Realty Corp., in effect, for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the motion of the defendant New York Elevator Company for summary judgment and the separate motion of the defendants Three Park Avenue Building Co., L.P., and Cohen Brothers Realty Corp., in effect, for summary judgment dismissing the complaint insofar as asserted against each of them are denied, the complaint is reinstated, and the orders entered October 10, 2006 and May 4, 2007 are modified accordingly.

The plaintiff allegedly was injured when an elevator in which she was a passenger suddenly changed direction, dropped several floors rapidly, and came to an emergency stop. She commenced this action against the defendant New York Elevator Company (hereinafter NY Elevator), the company retained to maintain the elevator, and the defendants Three Park Avenue Building Co., L.P., and Cohen Brothers Realty Corp., the building's owner and managing agent, respectively (hereinafter together the Building Defendants).

Both NY Elevator and the Building Defendants failed to establish their prima facie entitlement to judgment as a matter of law. The evidence offered in support of their respective motions failed to establish, prima facie, that the elevator was not defective, or that they had no actual or constructive notice of a defective condition (see Gilbert v Kingsbrook Jewish Ctr., 4 AD3d 392, 393 [2004]; cf. Cox v Pepe-Fareri One, LLC, 47 AD3d 749 [2008]). This failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of the motions, regardless of the sufficiency of the opposition papers (see Cox v Pepe-Fareri One, LLC, 47 AD3d at 749; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.