■ Dorothy Hudson, Respondent, v Tower Elevator, Appellant. [876 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated October 31, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Fyall v Centennial El. Indus., Inc.*, 43 AD3d 1103, 1104 [2007]; *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]). The defendant, an elevator company, established its prima facie entitlement to judgment as a matter of law on the issue of its responsibility for maintaining the elevator by proffering evidence that, at the time of the plaintiff's accident, it did not have a contract to maintain the elevator in which she was allegedly injured (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff raised a triable issue of fact as to whether the defendant was contractually obligated to maintain the subject elevator in a safe operating condition on the date her accident occurred (*see Rogers v Dorchester Assoc.*, 32 NY2d at 559).

Additionally, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on the issue of the defect alleged by the plaintiff by showing either that the elevator was not in a defective condition at the time of the plaintiff's accident, or that it lacked constructive notice of the defect which allegedly caused the plaintiff's injuries (*see Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392 [2004]; *Proctor v Rensselaer Polytechnic Inst.*, 277 AD2d 536, 538 [2000]; *cf. Lasser v Northrop Grumman Corp.*, 55 AD3d 561, 592-593 [2008]; *Lee v City of New York*, 40 AD3d 1048, 1049 [2007]). Accordingly, we need not examine the sufficiency of the plaintiff's papers on this issue (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.