■ Veronica Talapin, Respondent, v One Madison Avenue Condominium et al., Defendants, Kone, Inc., Appellant-Respondent, and Credit Suisse First Boston (USA), Inc., Respondent-Appellant. (And a Third-Party Action.) [882 NYS2d 161]—

In an action to recover damages for personal injuries, the defendant Kone, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered July 29, 2008, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Credit Suisse First Boston (USA), Inc., cross-appeals from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it and for summary judgment on the issue of liability on its cross claim for contractual indemnification against the defendant Kone, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Credit Suisse First Boston (USA), Inc., which was for summary judgment on the issue of liability on its cross claim for contractual indemnification against the defendant Kone, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by the defendant Credit Suisse First Boston (USA), Inc., and one bill of costs payable to the defendant Credit Suisse First Boston (USA), Inc., by the defendant Kone, Inc.

The defendant Credit Suisse First Boston (USA), Inc. (hereinafter Credit Suisse), leased space from the defendant Metropolitan Life Insurance Company (hereinafter Met Life), at One Madison Avenue in Manhattan. According to the lease, Credit Suisse was responsible for the maintenance of the building, including the maintenance of the elevators. Credit Suisse, in turn, signed a full-service elevator maintenance contract with the defendant Kone, Inc. (hereinafter Kone). That contract contained an indemnification provision.

The plaintiff Veronica Talapin was employed by the defendant Harvard Maintenance, Inc., as the operator of freight elevator number 8 at One Madison Avenue. She complained to Kone's lead mechancic Bruce Davis about the elevator. According to the plaintiff's deposition testimony, the elevator would get stuck between floors, mislevel, and shake. The plaintiff further testified at her deposition that she once got stuck in that elevator with Mark Foreman, the building manager, whom she believed was employed by Credit Suisse. Davis testified at his deposition that he had problems every day with the "209 electrical brake relay" installed on every elevator.

On August 5, 2003 Talapin was injured due to a malfunction of elevator number 8, which Davis testified occurred due to a failed "209 electrical brake relay." Talapin commenced this action against Kone and Credit Suisse, among others, on March 30, 2006, alleging negligence. Kone moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Credit Suisse cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it and on the issue of liability on its cross claim for contractual indemnification against Kone. In an order entered July 29, 2008, the Supreme Court denied the motion and those branches of the cross motion. Kone appeals and Credit Suisse cross-appeals. We modify.

"An elevator company which agrees to maintain an elevator

in safe operating condition may be liable to a passenger for failure to correct . . . condition[s] of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Here, Kone's mechanic testified at his deposition that he had "problems with [the] 209 Relay on every elevator every day." He also testified that a failed "209 relay" was the cause of the plaintiff's accident. Thus, Kone failed to establish, prima facie, that it did not have actual or constructive notice of a defect in the subject elevator (*cf. Lasser v Northrop Grumman Corp.*, 55 AD3d 561, 562 [2008]; *Gjonaj v Otis El. Co.*, 38 AD3d 384, 384-385 [2007]).

Credit Suisse concedes that it assumed a contractual duty to maintain the building, including the elevators, when it signed the lease with Met Life. Thus, Credit Suisse can be found liable if it had actual or constructive notice of a defect in the elevator (*see Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 391-392 [2006]; *cf. Gibson v Bally Total Fitness Corp.*, 1 AD3d 477, 478 [2003]). In light of the plaintiff's uncontradicted deposition testimony that she complained about the subject elevator to Foreman, the building manager, whom she believed was employed by Credit Suisse, and was once stuck in the elevator with him, Credit Suisse failed to establish, prima facie, that it did not have actual or constructive notice of a defect in the subject elevator.

The Supreme Court erred, however in denying the unopposed branch of Credit Suisse's motion which was for summary judgment on the issue of liability on its cross claim for contractual indemnification against Kone. While a contractual promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Eldoh v Astoria Generating Co., LP*, 57 AD3d 603, 604 [2008]; *Altchek v DiGennaro*, 214 AD2d 527, 528 [1995]), and a contract assuming an obligation of indemnification must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (*id.*), Kone clearly assumed a contractual duty to indemnify Credit Suisse.

Credit Suisse's remaining contention is without merit. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.