In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated February 3, 2009, which granted the defendants’ separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof granting the separate motions of the defendants Gallery at Fulton Street, LLC, and Schindler Elevator Corporation for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor provisions denying the respective motions; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendants Gallery at Fulton Street, LLC, and Schindler Elevator Corporation.
The plaintiff, who is confined to a wheelchair, was injured when an allegedly malfunctioning door closed on his leg as he was entering an elevator in a Brooklyn shopping mall. Following the accident, the plaintiff commenced this action against the City of New York, which owned the mall, the Gallery at Fulton Street, LLC (hereinafter the Gallery), which leased and operatéd the mall, and Schindler Elevator Corporation (hereinafter Schindler), which had been retained by the Gallery to perform elevator maintenance services. After depositions were conducted, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted the motions. We modify.
The Gallery failed to sustain its burden of making a prima facie showing of its entitlement to judgment as a matter of law. It is undisputed that as the lessee and operator of the mall, the Gallery had a duty to maintain and repair the elevators in the premises (see Rogers v Dorchester Assoc., 32 NY2d 553, 562 [1973]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392 [2006]), and thus can be found liable if it had actual or constructive notice of a defect in the subject elevator (see Talapin v One Madison Ave. Condominium, 63 AD3d 909 [2009]; Nye v *509 Putnam Nursing & Rehabilitation Ctr., 62 AD3d 767, 768 [2009]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d at 392; Gilbert v Kingsbrook Jewish Ctr., 4 AD3d 392 [2004]). Here, the Gallery’s evidentiary submissions, including the deposition testimony of the plaintiff who claimed to have made prior complaints that the door of the subject elevator closed too quickly, were insufficient to eliminate all triable issues of fact as to whether it had actual or constructive notice of the allegedly malfunctioning door (see Talapin v One Madison Ave. Condominium, 63 AD3d at 911; Nye v Putnam Nursing & Rehabilitation Ctr., 62 AD3d at 768; Miguel v 41-42 Owners Corp., 57 AD3d 488, 490 [2008]; Gilbert v Kingsbrook Jewish Ctr, 4 AD3d at 392-393). Thus, the Gallery’s motion for summary judgment should have been denied regardless of the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Schindler also failed to sustain its burden of making a prima facie showing of its entitlement to judgment as a matter of law. “An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found” (Rogers v Dorchester Assoc., 32 NY2d at 559). The evidentiary proof which Schindler submitted in support of its motion failed to demonstrate, as a matter of law, that it used reasonable care to discover and correct a condition which it ought to have found. The conclusory affidavit of Schindler’s expert, which was based largely upon review of the company’s own maintenance records and did not cite to any specific elevator safety code provisions, was insufficient to establish that the door of the subject elevator was functioning properly at the time of the accident. Accordingly, Schindler’s motion for summary judgment should have been denied (see Hudson v Tower El., 60 AD3d 906, 907 [2009]; Gilbert v Kingsbrook Jewish Ctr., 4 AD3d at 392-393).
However, the Supreme Court properly granted the City’s motion for summary judgment. The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landowner which retained no control over the premises, and was not contractually obligated to repair unsafe conditions (see McElroy v Bernstein, 72 AD3d 757 [2010]; Euvino v Loconti, 67 AD3d 629, 631 [2009]; Conte v Frelen Assoc., LLC, 51 AD3d 620 [2008]; Grippo v City of New York, 45 AD3d 639 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see Euvino v Loconti, 67 AD3d at 631; Grippo v City of New York, 45 AD3d at 640).
*510 The plaintiffs remaining contention is without merit. Fisher, J.E, Dickerson, Eng and Belen, JJ., concur.