*1196 Contrary to petitioner’s assertion, leave of court is indeed required to supplement a pleading absent the stipulation of all parties (see CPLR 3025 [b]; 7804 [d]; Altman v Broadway Realty Co., 101 AD2d 83, 86 [1984]; Patrick Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 03025:9). Petitioner did not obtain that leave and, given his failure to explain why he did not include the documents as part of his initial petition, we find no abuse of discretion in Supreme Court refusing to consider them (see Nelson v State of New York, 67 AD3d 1142, 1143 [2009]; Industrial Natl. Mtge. Co. v Shreve, Lamb & Harmon Assoc., 70 AD2d 774 [1979]).
Turning to petitioner’s arguments regarding the disciplinary determination, while an inmate is ordinarily entitled to observe a search of his or her cell, the Hearing Officer credited the testimony of a correction sergeant that petitioner’s presence presented a potential threat to the safety and security of the facility given his agitated demeanor (see Matter of Cody v Fischer, 84 AD3d 1651, 1651 [2011]; Matter of McKethan v Selsky, 297 AD2d 840, 840-841 [2002]). Petitioner’s additional contentions that he was deprived of the right to call or question witnesses are without merit.
While we further agree with Supreme Court that respondent properly redacted an unusual incident report to remove intraagency “communications exchanged for discussion purposes not constituting final policy decisions” (Matter of Russo v Nassau County Community Coll., 81 NY2d 690, 699 [1993]; see Public Officers Law § 87 [2] [g]), remittal is nevertheless required to deal with other aspects of petitioner’s FOIL requests. Respondent concedes that further proceedings are necessary so that Supreme Court may determine if a diligent search for certain requested documents has occurred. Upon remittal, Supreme Court must also obtain and conduct an in camera review of several documents — namely, a Family Reunion Program application and a memorandum prepared by a correction sergeant who investigated a claim filed by petitioner — to determine if part or all of those documents were exempt from disclosure pursuant to Public Officers Law § 87 (2) (g) (see Matter of Fink v Lefkowitz, *1197 47 NY2d 567, 571 [1979]; Matter of Grune v New York State Dept. of Correctional Serus., 166 AD2d 834, 835-836 [1990]).
To the extent that petitioner seeks counsel fees, we note that this relief was not previously requested and, therefore, is not properly before this Court.
Peters, EJ., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeal from the order is dismissed, without costs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that certain documents or parts thereof were exempt from disclosure pursuant to Public Officers Law § 87 (2) (g); matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.