■ Victor Papapietro, Appellant, v Kone, Inc., Respondent. [999 NYS2d 142]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), entered April 16, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On October 28, 2009, the plaintiff, an employee of the United States Postal Service, allegedly was injured at the Madison Square Station postal facility when he was struck on the head by a freight elevator gate after its alarm bell and strobe light failed to activate to warn him that the gate was about to close. Thereafter, the plaintiff commenced this action against the defendant, the company retained to service and maintain the elevator. He alleged that the elevator malfunctioned due to the defendant's negligent failure to maintain it in a safe condition. After discovery, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Here, the defendant submitted maintenance records for the subject elevator, including work tickets for a period of approximately one year preceding the plaintiff's accident and a "callout report," which indicated that approximately six months before the accident, the defendant was called to repair the alarm bell. The defendant also submitted the plaintiff's deposition transcript, wherein he testified that, prior to his accident, there were times when the alarm bell and strobe light did not activate and that two other individuals had been struck on the head by the gate prior to his accident. Thus, the defendant's submissions failed to establish, prima facie, that it did not have actual or constructive notice concerning the defective operation of the elevator's gate, alarm bell, and strobe light (*see Talapin v One Madison Ave. Condominium*, 63 AD3d 909, 911 [2009]; cf. *Lasser v Northrop Grumman Corp.*, 55 AD3d 561, 562 [2008]; *Gjonaj v Otis El. Co.*, 38 AD3d 384, 384-385 [2007]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion should have been denied regardless of the sufficiency of the plaintiff's op-

position papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.