■ Fadil Orahovac et al., Respondents, v CF Lex Associates et al., Defendants, and Lexreal Associates Limited Partnership et al., Appellants. (And a Third-Party Action.) [48 NYS3d 161]—

In an action to recover damages for personal injuries, etc., the defendants Lexreal Associates Limited Partnership, Boston Properties, Inc., and Boston Properties Limited Partnership appeal, and the defendant Otis Elevator Company separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated January 23, 2015, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Fadil Orahovac (hereinafter the injured plaintiff) was employed as a freight elevator operator at a building owned by the defendants Lexreal Associates Limited Partnership, Boston Properties, Inc., and Boston Properties Limited Partnership (hereinafter collectively the Boston Properties defendants). The defendant Otis Elevator Company (hereinafter Otis) was the elevator maintenance company that serviced the elevators in the building. On November 5, 2004, the injured plaintiff allegedly sustained physical injuries while

operating a freight elevator when it suddenly dropped from the 27th to the 23rd floor, coming to an abrupt stop.

The injured plaintiff, and his wife suing derivatively, commenced this action against the Boston Properties defendants, Otis, and others. The Boston Properties defendants and Otis separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied their respective motions. We affirm.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Reed v Nouveau El. Indus., Inc.*, 123 AD3d 1102, 1103 [2014]; *Papapietro v Kone, Inc.*, 123 AD3d 894, 895 [2014]; *Green v City of New York*, 76 AD3d 508, 509 [2010]). Similarly, a building owner that hires an elevator maintenance company to maintain the elevator may be found liable if the owner received notice of a defect and failed to notify the elevator company about it (*see Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012]; *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]).

Here, both Otis and the Boston Properties defendants failed to establish their respective prima facie entitlement to judgment as a matter of law. The evidence offered in support of their respective motions, which included a transcript of the injured plaintiff's deposition testimony and the bill of particulars describing the accident, failed to demonstrate, prima facie, that the elevator operated properly and was not defective, or that they had no actual or constructive notice of any alleged defective condition (*see Papapietro v Kone, Inc.*, 123 AD3d at 895; *Dykes v Starrett City, Inc.*, 74 AD3d 1015, 1016 [2010]; *Kucevic v Three Park Ave. Bldg. Co., L.P.*, 55 AD3d 792, 793 [2008]; *Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392, 392-393 [2004]). These failures to make a prima facie showing of entitlement to judgment as a matter of law required the denial of the motions, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The remaining contention of Otis and the Boston Properties defendants is improperly raised for the first time on appeal. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.