Roserie v Alexander's Kings Plaza, LLC (2019 NY Slip Op 02574)





Roserie v Alexander's Kings Plaza, LLC


2019 NY Slip Op 02574


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-10159
 (Index No. 26641/11)

[*1]Sophia Roserie, respondent-appellant, 
v
Alexander's Kings Plaza, LLC, et al., defendants, Schindler Elevator Corp., appellant-respondent.


Keller, O'Reilly & Watson, P.C., Woodbury, NY (Patrick J. Engle and Kevin O'Reilly of counsel), for appellant-respondent.
Ogen & Sedaghati, P.C., New York, NY (Eitan A. Ogen of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Schindler Elevator Corp. appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 18, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Schindler Elevator Corp. which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Schindler Elevator Corp., which was for summary judgment dismissing the plaintiff's claim for damages relating to exacerbation of her Chiari malformation.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff allegedly was injured while riding in an elevator in the building where she worked when the elevator suddenly dropped and came to an abrupt stop. The plaintiff commenced this action against, among others, the defendant Schindler Elevator Corp. (hereinafter Schindler Elevator), the elevator maintenance company that serviced the elevators in the building. Schindler Elevator moved for summary judgment dismissing the complaint insofar as asserted against it, or, in the alternative, for summary judgment dismissing the plaintiff's claim for damages relating to exacerbation of her Chiari malformation. In an order dated August 18, 2016, the Supreme Court denied that branch of Schindler Elevator's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of its motion which was for summary judgment dismissing the plaintiff's claim for damages relating to exacerbation of her Chiari malformation.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; Orahovac v CF Lex Assoc., 147 AD3d 968, 969). "Moreover, negligence in the maintenance of an elevator may be inferred from evidence of prior malfunctions" (Dykes v Starrett City, Inc., 74 AD3d 1015, 1016; see Rogers v Dorchester Assoc.,32 NY2d at 557, 559).
Here, Schindler Elevator failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted in support of the motion included, inter alia, evidence of multiple service calls to repair the subject elevator, including one which occurred the day before the accident. Schindler Elevator's submissions failed to establish, prima facie, that the elevator was not defective, or that Schindler Elevator did not have actual or constructive notice of a defective condition (see Kucevic v Three Park Ave. Bldg. Co., L.P., 55 AD3d 792, 793; Gilbert v Kingsbrook Jewish Ctr., 4 AD3d 392, 393). Therefore, we agree with the Supreme Court's denial of that branch of Schindler Elevator's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also agree with the Supreme Court's determination granting that branch of Schindler Elevator's motion which was for summary judgment dismissing the plaintiff's claim for damages relating to exacerbation of her Chiari malformation. "The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255; see Kowalsky v County of Suffolk, 139 AD3d 903, 904). Here, Schindler Elevator met its prima facie burden of establishing that the issue decided in a Workers' Compensation Board proceeding, that the plaintiff did not sustain a causally related exacerbation of her Chiari malformation from the elevator accident, was identical to that presented in this action to recover damages for personal injures (see Emanuel v MMI Mech., Inc., 131 AD3d 1002, 1003; cf. Melendez v McCrowell, 139 AD3d 1018). Furthermore, Schindler Elevator established that the plaintiff had a full and fair opportunity to litigate that claim before the Workers' Compensation Board. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the issue was identical and failed to show that she lacked a full and fair opportunity to litigate the issue (see Emanuel v MMI Mech., Inc., 131 AD3d at 1003).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court