Sanchez v City of New York (2022 NY Slip Op 07468)

Sanchez v City of New York

2022 NY Slip Op 07468

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-11501
 (Index No. 700876/13)

[*1]Ruben Sanchez, plaintiff-respondent, 
v
City of New York, defendant, Alexander's Rego Shopping Center, Inc., et al., defendants-respondents, Schindler Elevator Corp., defendant-respondent-appellant, Nouveau Elevator Industries, Inc., defendant-appellant-respondent.

Malapero Prisco & Klauber, LLP, New York, NY (Andrew L. Klauber and Cynthia Camacho of counsel), for defendant-appellant-respondent.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Kevin W. O'Reilly and Schaerr Jaffe LLP [H. Christopher Bartolomucci, pro hac vice], of counsel), for defendant-respondent-appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton and David Franklin of counsel), for plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Nouveau Elevator Industries, Inc., appeals, and the defendant Schindler Elevator Corp. cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 24, 2019. The order, insofar as appealed from, denied the motion of the defendant Nouveau Elevator Industries, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant Schindler Elevator Corp. for summary judgment dismissing the complaint and any cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff by the defendants Nouveau Elevator Industries, Inc., and Schindler Elevator Corp.
In April 2012, during the course of his employment at the Rego Park Shopping Center in Queens, the plaintiff allegedly was injured when he was struck in the head by a freight elevator door, which moved downward without warning. The plaintiff commenced this personal injury action against, among others, the defendants Nouveau Elevator Industries, Inc. (hereinafter Nouveau), and Schindler Elevator Corp. (hereinafter Schindler), alleging, inter alia, that those defendants were negligent in their maintenance of the subject elevator.
Upon completion of discovery, Schindler moved for summary judgment dismissing the complaint and any cross claims insofar as asserted against it, and Nouveau separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered September 24, 2019, the Supreme Court denied both motions. Nouveau appeals, [*2]and Schindler cross-appeals, from the order entered September 24, 2019.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Syrnik v Board of Mgrs. of the Leighton House Condominium, 198 AD3d 835, 836; Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229; Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 762).
Neither Schindler nor Nouveau made a prima facie showing of an entitlement to judgment as a matter of law. The evidence submitted by those defendants in support of their respective motions failed to demonstrate that they exercised reasonable care to discover and correct a condition which ought to have been found. This evidence, which included vague and unspecific maintenance records kept by Schindler and Nouveau, as well as the plaintiff's deposition testimony that no warning bell sounded prior to the door coming down and striking him in the head with such force that he fell to the floor, was insufficient to establish that the subject elevator door was functioning properly at the time of the accident (see Green v City of New York, 76 AD3d 508, 509). Contrary to the assertions of Schindler and Nouveau, neither of them demonstrated, prima facie, a lack of notice of the alleged defective condition of the elevator door. Since neither Schindler nor Nouveau made a prima facie showing of entitlement to judgment as a matter of law, we need not address whether the papers submitted in opposition were sufficient to raise a triable issue of fact as to either motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, those defendants' motions for summary judgment were properly denied (see Green v City of New York, 76 AD3d at 509; see also Roserie v Alexander's Kings Plaza, LLC, 171 AD3d 822, 823; Hudson v Tower El., 60 AD3d 906, 907; Gilbert v Kingsbrook Jewish Ctr., 4 AD3d 392, 392-393).
The parties' remaining contentions need not be addressed in light of our determination.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court