McManamon v New York City Health & Hosps. Corp. (2025 NY Slip Op 04719)

McManamon v New York City Health & Hosps. Corp.

2025 NY Slip Op 04719

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2021-03183
 (Index No. 9040/15)

[*1]Donald McManamon, respondent,
v
New York City Health and Hospitals Corporation, et al., appellants.

Keller, O'Reilly & Watson, P.C., Woodbury, NY (Patrick J. Engle of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated February 26, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 8, 2014, the plaintiff allegedly was injured when an elevator in which he was a passenger at Coney Island Hospital (hereinafter the hospital) rapidly descended and stopped abruptly with a "very hard impact." During the relevant time period, the defendant New York City Health and Hospitals Corporation (hereinafter the NYCHHC) operated the hospital, and the defendant Schindler Elevator Corporation (hereinafter Schindler) allegedly was responsible for maintaining the elevator. In July 2015, the plaintiff commenced this action to recover damages for personal injuries against the NYCHHC and Schindler. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated February 26, 2021, the Supreme Court denied the motion. The defendants appeal.
"'A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect, or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect'" (Hussey v Hilton Worldwide, Inc., 164 AD3d 482, 483, quoting Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766). "An elevator company which agrees to maintain an elevator in safe operating condition can also be held liable to an injured passenger 'for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found'" (Tucci v Starrett City, Inc., 97 AD3d 811, 812, quoting Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Syrnik v Board of Mgrs. of Leighton House Condominium, 198 AD3d 835).
Here, the defendants failed to establish, prima facie, that the elevator operated properly and was not defective or that they lacked actual or constructive notice of any allegedly [*2]defective condition (see Cavaliere v 1515 Broadway Fee Owner, LLC, 150 AD3d 1190; Orahovac v CF Lex Assoc., 147 AD3d 968). Moreover, under the circumstances of this case, the defendants failed to eliminate triable issues of fact as to the applicability of the doctrine of res ipsa loquitur (see Fiermonti v Otis El. Co., 94 AD3d 691, 692; Gaspard v Barkly Coverage Corp., 65 AD3d 1188). Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Kucevic v Three Park Ave. Bldg. Co., L.P., 55 AD3d 792, 793).
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court